

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7361

Re: Whether trucks stocked
with groceries, and
traveling from house to
house, from which sales
are made, are stores
within the meaning of the
chain store act.

Your request for our opinion upon the above captioned matter reads as follows:

"A certain groceryman operates six stores in the City of Amarillo. He pays the chain store tax on the six stores. He is contemplating putting into operation a chain of thirty trucks making miniature stores of these trucks. The trucks will travel and service a certain designated area - a route of some twelve or fifteen miles. He will sell all kinds of groceries from these trucks.

"The trucks will be replenished and serviced from the same warehouse and same sources as his six stores are now serviced. At times he will replenish the trucks from supplies from one of the stores.

"These trucks will each be owned by the same individual that will be operated on a partnership; that is, the operator of the truck will receive two-thirds of the net proceeds and one-third will go to the truck owner. There may be some question as to the control of these trucks, but under the present plan, it is the understanding of this department that they will be controlled by the owner of the store.

"Question: Will such trucks be subject to the Chain Store Tax Law?"

Honorable George H. Sheppard, Page 2

In response to our request for additional information, on December 3, 1946, you advised us further:

"You recently received from this department a request for an opinion as to whether a truck making sales would be subject to the store tax. I am furnishing you with information secured by Mr. John C. Wilson, District Tax Supervisor in Amarillo.

"There are two trucks operating in the Amarillo district. One is a semi-trailer making sales in Pleasant Valley, which is north of Amarillo. The other truck is a four-wheel trailer operating in the City of Amarillo.

"The merchandise is picked up at one of the stores and placed in the truck in display form. The truck then proceeds down the street contacting housewives and other potential buyers. They, in turn, enter this particular truck, make purchases of the merchandise displayed, and pay for same inside the truck.

"The sales are made in the trucks. The merchandise is not delivered by truck drivers or salesmen to the purchasers in their homes."

Whether or not the trucks and trailers in question are stores is determined by the definition of the term "store" as contained in the Texas Chain Store Tax Law (House Bill 18, Ch. 400, Acts 44th Leg. 1st C. S. 1933, Codified as Art. 111ld, Penal Code), said definition reading as follows:

"Sec. 7. The term 'store' as used in this Act, shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale." (Underscoring ours).

Honorable George H. Sheppard, Page 3

You state in effect that these trucks and trailers are places, "in which goods, wares and merchandise are sold." Therefore, if these vehicles are "stores" and/or "mercantile establishments" then they would constitute "stores" within the meaning of the Chain Store Tax Law.

The word "store" was defined by the Commission of Appeals in the case of Continental Paper Bag Co. v. Bosworth, 276 S. W. 170, as follows:

"In American usage, the words 'store,' when employed to designate a place of business, is a broad one. It signifies not merely a warehouse, storehouse, or storeroom, but may include in its meaning a business establishment where personalty is kept and sold, and incidentally gotten in salable condition." (Underscoring ours)

The term "mercantile establishment" is defined in 21 Corpus Juris 904 as follows:

"A place where the buying and selling of articles of merchandise as an employment is conducted."

The Supreme Court of the United States in the case of Fox v. Standard Oil Co. 294 U. S. 93, 79, L. Ed. 786, in construing the Chain Store Act of the State of West Virginia, (which defines the word store in the identical phraseology as the Texas Chain Store Act) in an opinion by Mr. Justice Cardoza, used the following language:

". . . The goods offered for sale are to be understood as having reference to goods 'of any kind,' and the place at which the sale is made shall include not only places that in the common speech of men would be designated as stores, but broadly speaking, any mercantile establishment, whether a store or something else." (Underscoring ours).

Based upon the facts as given us, and the definitions of the words and terms used in the Chain Store Act, together with the construction given by our Courts, we arrive at the inescapable conclusion that the trucks and

Honorable George H. Sheppard, Page 4

trailers are "mercantile establishments in which goods, wares and merchandise" are sold. In fact, such vehicles so equipped and used amount, in our opinion, to a store on wheels. A store is a store, whether mobile or immobile.

We trust that we have satisfactorily answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 14, 1946

ATTORNEY GENERAL OF TEXAS

By

W. V. Geppert
Assistant

WVG:ms



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN